FILED

13 DEC 10 AM 9:21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.K. BEST, INC.; RAMESH VAGHASHIA; JAGRUTIBEN VAGHASHIA; KAMLESH SHIHORA; CHHAYA SHIHORA,<br><br>Plaintiffs,<br><br>vs.<br><br>SILVERGATE BANK, a California corporation; UCB BEST INN, LLC; UNITED SECURITY BANK; WT CAPITAL LENDER SERVICES, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 13-CV-995-BEN (KSC)<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO EXPUNGE NOTICE OF PENDING ACTION**<br><br>[Docket Nos. 5, 7] |

Before this Court is a Motion to Dismiss for Failure to State a Claim (Docket No. 5) and a Motion to Expunge a Notice of Pending Action (Docket No. 7). Both motions were scheduled for a hearing before this Court on December 16, 2013.

On April 26, 2013, Plaintiffs filed a Complaint against Defendants, seeking monetary damages, declaratory relief, and injunctive relief. Plaintiffs alleged misconduct by Defendants in originating and handling Plaintiffs' loans and the foreclosure of a mortgaged property. (Compl.) They alleged that they were defrauded in the origination and enforcement of the loans, deeds of trust, and agreements related to the sale of the property, and that the conduct was "discrimination against a protected

1  minority in the origination of a contract and concerning the ownership and possession
2  of real property." (*Id.* ¶ 37). Plaintiffs alleged that their federal civil rights had been
3  violated under 42 U.S.C. §§ 1981, 1982. (Compl. ¶¶ 28-41). Plaintiffs have taken no
4  steps to prosecute their case since filing the Complaint. According to Defendant's
5  Motion to Dismiss, the property was foreclosed upon on August 28, 2013. (Mot. to
6  Dismiss at 3). On November 18, 2011, Defendants UCB Best Inn, LLC and Silvergate
7  Bank filed the instant motions to dismiss the case and expunge the notice of pending
8  action.

9        The Local Rules require that a party opposing a motion must file a written
10 opposition. Civ. L. R. 7.1(f)(3). Unless otherwise ordered by this Court, the deadlines
11 for filing papers with regard to motions are set by Civil Local Rule 7.1(e). The Local
12 Rules require that a party opposing a motion must file that opposition or statement of
13 non-opposition with the clerk and serve the movant or the movant's attorney "not later
14 than fourteen (14) calendar days prior to the noticed hearing." Civ. L.R. 7.1(e)(2). As
15 these motions were set for argument on December 16, 2013, any statement of
16 opposition or non-opposition was therefore due no later than December 2, 2013.
17 Plaintiffs have not filed any responsive briefing as of this date.

18       Failure to file papers in the manner required by Civil Local Rule 7.1(e)(2) "may
19 constitute a consent to the granting of a motion." Civ. L.R. 7.1(f)(3)(c). In addition
20 to Plaintiff's failure to file oppositions, an examination of the record in this case
21 indicates that dismissal is appropriate. Plaintiffs clearly fail to allege facts from which
22 this court could conclude that Defendants violated Plaintiff's civil rights, and fail to
23 make a specific allegation of fraud. The Complaint also fails to establish the probable
24 validity of a "real property claim," as required by California Code of Civil Procedure
25 §§ 405.31, 405.32.

26       In their Motion to Expunge Plaintiff's Notice of Pending Action, Defendants
27 claimed they were entitled to fees and costs in the amount of $4,185. (Mot. to Expunge
28 at 10). California Code of Civil Procedure § 405.38 requires the entry of reasonable

attorney's fees to the prevailing party unless the other party acted with substantial justification or that an award of fees would be unjust. A court may grant an unopposed motion for attorney's fees. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004).

The Motion to Dismiss is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE**. The Motion to Expunge Plaintiff's Notice of Pending Action is **GRANTED**. Plaintiffs are therefore **ORDERED** to pay Defendants' fees and costs in the amount of $4,185.

**IT IS SO ORDERED.**

Dated: December 09, 2013

HON. ROGER T. BENITEZ
United States District Judge